**BRIAN T. DUNN, ESQ, (SBN 176502)**
Email: bdunn@cochranfirm.com
**EDWARD M. LYMAN, III. ESQ, (SBN 248264)**
Email: elyman@cochranfirm.com
**THE COCHRAN FIRM – CALIFORNIA**
4929 Wilshire Boulevard, Suite 1010
Los Angeles, California 90010
Telephone: (323) 435-8205
Facsimile: (323) 282-5280

**JENNIFER A. BANDLOW, ESQ (SBN 265757)**
Email: jbandlow@socaljusticelawgroup.com
**SOCAL JUSTICE LAW GROUP, P.C.**
5670 Wilshire Boulevard, 18th Floor
Los Angeles, California 90036
Telephone: (323) 723-3120
Facsimile: (310) 734-1710

Attorneys for Plaintiff, JANE DOE

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>  Plaintiff,<br><br>  vs.<br><br>MOLLY HILL, OFFICER JOHN DOE 1, and DOES 2 through 10, Inclusive,<br><br>  Defendants. | CASE NO.: _____.<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Violations of Civil Rights [42 U.S.C. § 1983]**<br>**(Based on Sexual Battery and Supervisory Liability)**<br><br>**Demand for Jury Trial** |

1. This Complaint concerns the abuse of power by Defendant, Correctional OFFICER JOHN DOE 1 (hereinafter "OFFICER DOE"), and specifically, OFFICER DOE's sexual assault and battery of Plaintiff JANE DOE, while she was incarcerated and under his care and control, and the subsequent

ratification and tacit acquiescence to OFFICER DOE's unconstitutional acts by California Department of Corrections and Rehabilitation supervisors, including Warden MOLLY HILL, and DOES 2-10, which occurred during a continuous time period beginning with the date of OFFICER DOE's sexual assault of JANE DOE, and up to and including the date in which OFFICER DOE was terminated from the CDCR, which occurred on or around September 6, 2018.

## JURISDICTION AND VENUE

2. Jurisdiction is vested in this court under 28 U.S.C. § 1343(3)-(4) for violations of the 1871 Civil Rights Enforcement Act, as amended, including 42 U.S.C. § 1983 and 28 U.S.C. § 1331.

3. Venue is proper in the Central District of California under 28 U.S.C. § 1391(a)-(b).

## PARTIES

4. At all relevant times mentioned herein, Plaintiff JANE DOE was incarcerated in the California Institute for Women (hereinafter "CIW"), located at 16756 Chino Corona Road, in the city of Chino, in the County of San Bernardino and in the State of California.

5. Upon information and belief, at all times relevant herein, Defendant Correctional OFFICER JOHN DOE 1 ("OFFICER DOE") resided in the County of San Bernardino, and was employed by California Department of Corrections and Rehabilitation ("CDCR") in the position of Correctional Officer and stationed at the CIW. During all times mentioned herein, OFFICER DOE was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and was acting within the course and scope of his employment with the CDCR.

6. Upon information and belief, at all times relevant herein, Defendant MOLLY HILL resided in the County of San Bernardino, and was employed as the Warden of the California Department of Corrections and Rehabilitation ("CDCR") at the CIW. During all times mentioned herein, Warden MOLLY

HILL was acting under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and was acting within the course and scope of her employment with the CDCR.

7. Plaintiff is informed, believes, and thereupon alleges that the CDCR is, and at all relevant times herein was, a state agency or political subdivision organized and existing under the laws of the State of California.

8. Plaintiff JANE DOE is unaware of the true name of Defendant JOHN DOE 1, who sexually assaulted her, as well as the names of those Defendants sued herein as unknown supervisory defendants DOES 2 through 10, inclusive, each of whom acted in a supervisory capacity at the CDCR, and therefore sues these Defendants using fictitious names. Plaintiff JANE DOE will amend this complaint to allege the DOES' true names and capacities when that information becomes known. Plaintiff JANE DOE is informed and believes and on that basis alleges that each of these fictitiously named Defendants are legally responsible in some manner for the actions and inactions alleged herein and that the injuries suffered by Plaintiff JANE DOE as alleged throughout this complaint were proximately caused by these actions and inactions. Plaintiff JANE DOE further alleges, based upon information and belief, that each Defendant sued herein was acting as the agent or employee of each of the other Defendants, and in doing the acts alleged herein was acting within the course and scope of such agency and/or employment, and/or aided, abetted, cooperated with, and/or conspired with one another to do the acts alleged herein.

9. At all relevant times mentioned herein supervisory defendant DOES 2 through 10, inclusive, were residents of San Bernardino County and/or business or corporate entities incorporated in and/or doing business in the State of California by virtue of the laws of the State of California.

10. Each Defendant is the agent, servant and/or employee of the other Defendants and each Defendant was acting within the course and scope of his, her, or its authority as an agent, servant, and/or employee of the other Defendants.

Defendants, and each of them, are individuals, corporations, partnerships, and other entities which engaged in, joined in, and conspired with the other wrongdoers in carrying out the tortious and unlawful activities described in this complaint, and Defendants, and each of them, ratified the acts of the other Defendants as described in this Complaint.

11. Each of the individual Defendants sued herein is sued in his or her individual and personal capacity.

## FACTS COMMON TO ALL CAUSES OF ACTION

12. This Complaint concerns the sexual assault, battery, abuse of power, intimidation, and harassment of Plaintiff JANE DOE, and tacit acquiescence to, and reckless disregard of the unconstitutional activities of OFFICER DOE by supervisory defendants, which began on a date uncertain in the spring of 2017 when Defendant OFFICER DOE, was employed at the California Institute for Women ("CIW"), located at 16756 Chino Corona Road, in the city of Chino, in the County of San Bernardino and in the State of California.

13. At all times referenced herein, while at CIW, JANE DOE was within the custody, care, supervision, and control of Defendant, California Department of Corrections and Rehabilitation ("CDCR"), OFFICER DOE, Warden MOLLY HILL, (and other heretofore unknown Officers employed by CDCR and/or CIW.

14. At all times referenced herein, while at CIW, JANE DOE was wearing department issued clothing indicating her status as a prisoner. She was physically restrained to CIW.

15. Throughout the acts and omissions described herein, OFFICER DOE was wearing his department issued uniform, with badge and identification plate plainly visible, and was armed with his department issued pepper spray, baton, handcuffs, flashlight and police radio.

16. Sometime during the spring of 2017, Plaintiff went to the office located in the housing unit ("Office") to check-out an iron in order to iron her clothing. At the time, Defendant OFFICER DOE was working in the Office.

17. When JANE DOE requested the iron from OFFICER DOE, he told her that he was tired and told her to bring her identification into the Office to him. As a prisoner, JANE DOE was not normally allowed in the Office; however, she followed OFFICER DOE's directive and went inside.

18. Once inside the Office, OFFICER DOE told JANE DOE to give him a massage. Fearing retaliation for failure to follow a directive from an officer, JANE DOE complied and began rubbing OFFICER DOE's shoulders and back.

19. After about a minute, JANE DOE stopped massaging OFFICER DOE. OFFICER DOE then directed JANE DOE to go into the bathroom located inside the Office with him.

20. Once inside the bathroom, OFFICER DOE closed the door and told JANE DOE to sit on the toilet. Fearing for her safety, she complied. OFFICER DOE then lifted up JANE DOE's clothing and digitally penetrated her vagina with his finger against her will and without her consent. JANE DOE was terrified and humiliated.

21. Immediately after digitally penetrating her against her will, OFFICER DOE pulled his naked penis out of his pants, grabbed JANE DOE by her hair and pushed her face down onto his penis. Again, terrified and humiliated, JANE DOE orally copulated OFFICER DOE, against her will, until he ejaculated semen onto her face and clothing. Again, JANE DOE was terrified and humiliated.

22. When he was finished OFFICER DOE opened the door and told JANE DOE that he would tell her when the 'coast was clear.' Once no one was around, OFFICER DOE allowed JANE DOE to leave.

23. JANE DOE was shocked and embarrassed by what happened, but terrified to report him for fear of retaliation. After the date of the sexual assault described herein, OFFICER DOE continued to engage in continuous pattern of intimidation and harassment of JANE DOE, all aimed at coercing her to remain silent and continuing the emotional trauma associated with the sexual assault, all

specifically directed against JANE DOE while OFFICER DOE and JANE DOE were under the supervision of, and in a manner fully known to, Warden MOLLY HILL and unknown supervisory defendants DOES 2-10, which further caused JANE DOE to suffer increased damages and emotional distress from the sexual assault, which continued unabated up to and including the date of OFFICER DOE's termination, at which time he was removed from the CIW premises, and was consequently no longer permitted to continue his pattern of intimidation and harassment of JANE DOE.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. In or around the fall of 2017, JANE DOE, began the process of treating with a mental health professional at CIW, and pursuing her administrative remedies within the CIW.

25. Over a year later, on or around September 6, 2018, the Investigative Services Unit ("ISU") completed its investigation into JANE DOE's allegations, finding the allegations "substantiated" and providing notice to JANE DOE that OFFICER DOE's employment had been terminated as of that day. This marked the formal period in which JANE DOE's administrative remedies had been fully and finally exhausted.

26. On information and belief JANE DOE was not the only inmate that was sexually assaulted and/or battered by OFFICER DOE while confined at CIW and *prior* to the sexual assault of JANE DOE as alleged herein, OFFICER DOE sexually assaulted and/or battered other inmates, and had established a practice of such behavior prior to the time in which JANE DOE was assaulted. Upon information and belief, the nature and extent of OFFICER DOE's sexual misconduct was known to Warden MOLLY HILL and unknown supervisory defendants DOES 2-10, who acted in a supervisory capacity within the CIW both before and after the sexual assault described herein against JANE DOE, and were fully aware of OFFICER DOE's unconstitutional activities both before and after the sexual assault described herein against JANE DOE, yet failed to take any

actions to terminate, remedy, prevent, and/or redress OFFICER DOE's unconstitutional activities, and thereby made possible OFFICER DOE's unconstitutional actions in a manner that showed a reckless and callous indifference to the constitutional deprivations and ensuing intimidation of JANE DOE, which continued unabated up to and including the period of OFFICER DOE'S September 6, 2018 termination.

## DAMAGES

27. As a direct and proximate result of all of OFFICER DOE'S actions, JANE DOE was wrongfully and severely sexually assaulted, battered, abused and harassed and sustained serious and permanent injuries which were exclusively caused by the above-described actions and omissions of the individual Defendants, and other agents and employees of the CDCR.

28. As a further direct and proximate cause of the sexual assault, battery, abuse, harassment and civil rights violations of JANE DOE by OFFICER DOE, JANE DOE has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, propensity for self-harm, self-degradation, shame, disgust, inability to articulate feelings and apprehension, all to her damage in a sum to be determined at trial.

## FOR THE FIRST CAUSE OF ACTION
### (By PLAINTIFF Against ALL DEFENDANTS
### for Violations of Civil Rights [42 U.S.C. § 1983])
### (Based on Sexual Battery and Supervisory Liability)

29. Plaintiff JANE DOE hereby restates and incorporates by reference the foregoing paragraphs of this complaint.

30. This cause of action is to redress the deprivation, under color of statute, ordinance, regulation, policy, custom, practice or usage of rights, privileges, and immunities secured to JANE DOE by the Eighth Amendment to the United States Constitution.

31. At all times mentioned herein, Defendant OFFICER DOE was employed by the California Department of Corrections and Rehabilitation ("CDCR") in the position of Correctional Officer and stationed at the California Institute for Women ("CIW"). CDCR provided OFFICER DOE with an official badge and identification cards which designated and described him as an agent and employee of CDCR and CIW.

32. During all times mentioned herein, OFFICER DOE acted under color and pretense of law, and under color of the statutes, ordinances, regulations, policies, practices, customs, and usages of the CDCR, and in so doing, deprived JANE DOE of the rights, privileges, and immunities secured to her by the Eighth Amendment to the United States Constitution and the laws of the United States.

33. During all times mentioned herein, OFFICER DOE was acting in the course and scope of his employment with CDCR and/or CIW.

34. During all times mentioned herein, OFFICER DOE's conduct toward JANE DOE was cruel, unusual, malicious, sadistic, offensive to human dignity, sexually abusive, sexually harassing, without penological justification and for his own gratification, thereby depriving JANE DOE of the rights, privileges, and immunities secured to her by the Eighth Amendment to the United States Constitution and the laws of the United States.

35. OFFICER DOE, sexually assaulted, battered, abused, harassed, and injured JANE DOE, as previously described, all of which constituted unjustifiable, unreasonable, and unlawful acts of sexual misconduct in violation of and with deliberate indifference to JANE DOE'S constitutional right to be free from cruel and unusual punishment.

36. Upon information and belief, the nature and extent of OFFICER DOE's sexual misconduct was known to Warden MOLLY HILL and unknown supervisory defendants DOES 2-10, who acted in a supervisory capacity within the CIW both before and after the sexual assault described herein against JANE DOE, and were fully aware of OFFICER DOE's unconstitutional activities both

before and after the sexual assault described herein against JANE DOE, yet failed to take any actions to terminate, remedy, prevent, and/or redress OFFICER DOE's unconstitutional activities, and thereby made possible OFFICER DOE's unconstitutional actions in a manner that showed a reckless and callous indifference to the constitutional deprivations and ensuing intimidation of JANE DOE, which continued unabated up to and including the period of OFFICER DOE's September 6, 2018 termination.

37. The above acts and omissions of the Defendants, and each of them, was undertaken while under color of state law and resulted in the violation of JANE DOE'S constitutional rights, as stated herein.

38. JANE DOE had the right to be free from unlawful cruel and unusual punishment, unlawful use of force and unlawful sexual assault, battery, abuse and/or harassment. All of these rights and privileges are secured to JANE DOE by the provisions of the Eighth Amendment to the United States Constitution, and by 42 U.S.C. § 1983. All of these interests were implicated by the wrongful conduct of the OFFICER DOE which proximately caused severe injuries to JANE DOE, as described herein.

39. The individual defendants named herein, separately and in concert, acted willfully, knowingly, with reckless disregard and deliberate indifference to the known consequences of their acts and omissions, and purposefully with the intent to deprive JANE DOE of her federally protected rights and privileges, and did in fact violate those rights and privileges, entitling JANE DOE to punitive and exemplary damages in an amount to be proven at the trial of this matter.

40. As a direct and proximate result of the aforementioned constitutional violations, JANE DOE was sexually assaulted, battered, abused and harassedand has suffered, and continues to suffer, great mental and physical pain, suffering, anguish, fright, nervousness, anxiety, grief, shock, humiliation, indignity, embarrassment, anger, lack of motivation, rage, propensity for self-harm, self-

degradation, shame, disgust, inability to articulate feelings and apprehension, all to her damage in a sum to be determined at trial.

41. Additionally, as a proximate cause of the sexual assault, battery abuse and harassment by OFFICER DOE, JANE DOE has treated and will continue to treat with mental health providers in an amount to be proven at trial.

42. JANE DOE has been forced to incur substantial amounts for attorneys' fees, investigation expenses, and other expenses in the prosecution of the above articulated constitutional violations. JANE DOE is entitled to and hereby demands costs, attorneys' fees, and expenses pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

43. PLAINTIFF hereby demands that a jury be empanelled for the trial of this matter.

## PRAYER

WHEREFORE, PLAINTIFF JANE DOE prays for judgment against Defendant as follows:

1. For general damages in an amount to be determined according to proof attrial;
3. For medical and related expenses according to proof at trial;
4. For costs of suit incurred herein;
5. For punitive damages against the individual Defendants in an amount tobe determined according to proof at trial;
6. For attorneys' fees and expert witness fees incurred herein;
7. For statutory damages as permitted by law; and

///

///

8. For such other and further relief as the Court deems just and proper.

DATED: April 29, 2021

Respectfully submitted,

**THE COCHRAN FIRM CALIFORNIA**

By: /s/ Brian T. Dunn_____
BRIAN T. DUNN, Esq.
Attorneys for PLAINTIFF